UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER SHEKAR, | |
| *Plaintiff*, | |
| v. | Civil Action No. 22-cv-2123 (UNA) |
| JAMES DUFF, *et al.*, | |
| *Defendants*. | |

## MEMORANDUM OPINION

The Court construes the Complaint as challenging three court Orders. First, Plaintiff's ability to file cases *pro se* in the United States District Court for the Northern District of Illinois is substantially restricted by an order in that district. *See* Executive Committee Order, *In re Shekar*, No. 1:12-cv-1698 (N.D. Ill. Mar. 12, 2012). Second, Plaintiff must sign in and be escorted by a federal marshal at both the Dirksen U.S. Courthouse in Chicago, Illinois, and the Roszkowski U.S. Courthouse in Rockford, Illinois. *See* Executive Committee Order, *In re Shekar*, No. 1:12-cv-1698 (N.D. Ill. Jan. 15, 2019). Third, Plaintiff may not proceed before the United States Court of Appeals for the Seventh Circuit until he pays outstanding filing fees and sanctions. *See* Order at 2, *Shekar v. Ocwen Loan Serv., LLC*, No. 19-1122 (7th Cir. July 10, 2019).

The Court first reviews Plaintiff's Motion for an CM/ECF password. *See generally* ECF No. 3 (Motion for CM/ECF Password). Per the Local Civil Rules of this District, a *pro se* party seeking a CM/ECF password must obtain leave of Court, and their motion seeking leave must "describe[e] the party's access to the internet, confirm[] the capacity to file documents and

receive filings electronically on a regular basis, and certify[] that he or she either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts." *See* LCvR 5.4(b)(2). Plaintiff's Motion asks only that he be granted "leave to file documents electronically" and have "permission for e-file." *Id.* at 1. Because he has not satisfied the required elements of Local Civil Rule 5.4(b)(2), the Court denies his Motion to obtain a CM/ECF password without prejudice.

Next, the Court assesses the Complaint and concludes that it fails to state a claim upon which relief can be granted. In his Complaint, Plaintiff complains about every member of the federal judiciary — judges, clerks and administrators included — who he believes have crossed him. His claims are barred, however, as absolute judicial immunity protects the judges, clerks, and administrators from suit. *See Mirales v. Waco*, 502 U.S. 9, 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Hurt v. Clerks, Superior Court of District of Columbia*, No. 06-cv-5308, 2006 WL 3835759, at *1 (D.C. Cir. Dec. 22, 2006) (per curiam); *Sindram v. Suda*, 986 F.2d 1459, 1460–61 (D.C. Cir. 1993).

Plaintiff is no more successful in demanding relief from other courts' orders, as this Court cannot review or overturn the rulings of a Circuit court or sister district court. *See, e.g.*, *Petrovic v. United States*, No. 1:19-cv-00482, 2019 WL 1746301, at *2 (D.D.C. Apr. 17, 2019); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

Lastly, this Court cannot initiate a criminal prosecution. The decision to investigate or to prosecute a particular case is left to the Executive Branch of the government, not the judiciary. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (stating that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (reiterating that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

The Court therefore will grant Plaintiff's application to proceed *in forma pauperis*, deny the motion for CM/ECF password, and will the dismiss the Complaint and this civil action. A separate Order will issue this day.

FLORENCE Y. PAN
United States District Judge

Date:   August 2, 2022